UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON A. MAHE,<br><br>                        Plaintiff,<br>    v.<br><br>JENNIFER DUNBAR, *et al.*,<br><br>                        Defendants. | Case No. 3:21-cv-00355-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Jason A. Mahe brings this action against Defendants Jennifer Dunbar and Lisa Walsh under 42 U.S.C. § 1983. (ECF No. 16 ("SAC").) Before the Court is the Report and Recommendation ("R&R")[1] of United States Magistrate Judge Carla L. Baldwin (ECF No. 47), recommending the Court deny Plaintiff's motion for leave to file a third amended complaint ("TAC")[2] (ECF No. 41 ("Motion")). Objections to the R&R were due May 31, 2023. To date, neither party has objected to the R&R. For this reason, and as explained below, the Court adopts the R&R in full, and denies Plaintiff's Motion.

Because there were no objections, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations") (emphasis in original); Fed. R. Civ. P. 72, Advisory

---

[1] On June 21, 2023, Judge Baldwin withdrew her second R&R because Plaintiff recently filed a notice of change of address. (ECF Nos. 51, 53, 54.)

[2] Plaintiff filed a supplement to the Motion (ECF No. 43) and Defendants filed a non-opposition (ECF No. 45).

Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").[3]

After considering the *Desertrain* factors,[4] Judge Baldwin correctly found that Plaintiff's Motion should be denied. (ECF No. 47 at 7.) First, Plaintiff wants to add 13 new defendants and new claims to his lawsuit, which would change the nature and course of this action and prejudice Defendants. (*Id*.) *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Second, amendment is futile because Plaintiff's proposed allegations are vague and conclusory, fail to allege personal participation by some of the defendants, and fail to state any facially plausible claims. (*Id*. at 7-8.) *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). Third, Plaintiff attempts to replead claims that the Court already dismissed in prior screening orders. (ECF Nos. 8, 13, 18, 41-1.) Finally, Plaintiff was given multiple opportunities to amend and has failed to cure the deficiencies. (ECF No. 47 at 8.) Because Judge Baldwin correctly found that the *Desertrain* factors weigh against amendment, the Court therefore accepts and adopts Judge Baldwin's R&R in its entirety (ECF No. 47) and denies Plaintiff's Motion (ECF No. 41).

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 47) is accepted and adopted in full.

///

///

///

---

[3] The Court incorporates by reference and adopts Judge Baldwin's description of the case's background and procedural history. (ECF No. 47 at 1-3.)

[4] Under Rule 15(a), the Court should freely give leave to amend when justice so requires. *See Desertrain v. City of L.A*., 754 F.3d 1147, 1154 (9th Cir. 2014). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Id*.

It is further ordered that Plaintiff's motion for leave to file a third amended complaint (ECF No. 41) is denied.

DATED THIS 23rd Day of June 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE