# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON A. MAHE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JENNIFER DUNBAR, *et. al.,*<br><br>　　　　　　　Defendants. | Case No. 3:21-cv-00355-MMD-CLB<br><br>**ORDER GRANTING MOTION TO STAY, DENYING MOTION FOR TELECONFERENCE, DENYING WITH LEAVE TO REFILE MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT MOTION OPPOSING SUMMARY JUDGMENT**<br><br>[ECF Nos. 58, 61, 62, 64] |

　　　　Before the Court are several pending motions, which the Court will discuss in turn. First, is Plaintiff Jason Mahe's ("Mahe") motion to stay case, (ECF No. 61). According to Mahe's motion, he has been transferred to an out of state correctional center and has limited access to his legal mail and thus requests a 90 day stay of this action—mainly so he will have additional time to respond to Defendants Jennifer Dunbar and Lisa Walsh (collectively referred to as "Defendants") motion for summary judgment. (*Id.*) Defendants responded to the motion to stay case, arguing the motion should be denied to the extent it is requesting an extension of discovery (ECF No. 65). However, the Court does not interpret Mahe's motion as one for an extension or reopening of discovery. Discovery in this action closed on September 5, 2023, (*See* ECF No. 31), and there has been no showing that discovery should be reopened at this juncture. Accordingly, the Court addresses Mahe's motion as one purely to stay this action for the limited purpose of having additional time to appropriately respond to summary judgment.

　　　　It is well established that district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Additionally, "the power to stay proceedings is incidental to the power inherent in

every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* FED. R. CIV. P. 1.

To that end, the Court considers several articulated factors when deciding whether to stay a case: "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed" including the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Court has considered these factors and finds, in the exercise of its sound discretion, that a brief stay of these proceedings for 90 days is appropriate. Upon lifting of the stay, the parties will have 30 days to file dispositive motions.

Next, Mahe has also filed a motion for the Court to order the Attorney General's Office to make accommodations for Mahe to be present via Skype or teleconference while he is incarcerated out of state, (ECF No. 62). Defendants responded, arguing the motion should be denied as no hearings have been ordered. (ECF No. 65.) In light of the stay, and because no hearings are currently set, the motion, (ECF No. 62), is denied as premature.

Finally, in light of the stay, the Court denies, with leave to refile, Defendants' motion for summary judgment, (ECF No. 58), and Mahe's motion opposing summary judgment, (ECF No. 64), which is not actually a response to the motion for summary judgment, but rather a request to extend time to file an opposition to the motion for summary judgment. Upon lifting of the 90 day stay (March 7, 2024), Defendants will have 30 days to refile their motion for summary judgment (April 8, 2024). The joint pretrial order will be due 30 days after that date (May 8, 2024), or 30 days following the entry of the court's ruling on a dispositive motion.

Based on the above and for good cause appearing, **IT IS ORDERED** that Mahe's motion to stay case, (ECF No. 61), is **GRANTED**, and this action is **STAYED** for 90 days from the date of this order (March 7, 2024), at which point the stay shall be automatically lifted.

**IT IS FURTHER ORDERED** that Mahe's motion to allow teleconference, (ECF No. 62), is **DENIED as premature**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment, (ECF No. 58), is **DENIED with leave to refile** 30 days after the lifting of the stay (April 8, 2024).

**IT IS FURTHER ORDERED** that a joint pretrial order will be due 30 days after the dispositive motion deadline (May 8, 2024), or 30 days following the entry of the court's ruling on dispositive motions.

**IT IS FURTHER ORDERED** that Mahe's motion opposing summary judgment, (ECF No. 64), is **DENIED as moot**.

**DATED**: December 8, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**